JOHN ROBERT UNRUH (SBN 254662)
UNRUH LAW, P.C.
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415-335-6417
Fax: 415-360-5917
Email: john@jru-law.com

Attorney for Plaintiff
SHARONDA C. BARBER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARONDA C. BARBER,<br><br>      Plaintiff,<br><br>   v.<br><br>AETNA HEALTH AND LIFE INSURANCE COMPANY; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; AND DOES 1-10, INCLUSIVE,<br><br>      Defendants. | Case No.: 3:21-cv-4054<br><br>COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) |

Plaintiff SHARONDA C. BARBER (hereafter "Plaintiff"), alleges against the Defendants, and each of them, as follows:

**I. JURISDICTION**

1. Plaintiff's Complaint relates to an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereafter "ERISA"). This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), (f), and (g).

2. Plaintiff has exhausted all administrative remedies related to the denial of the disability plans that are the subject of this Complaint.

## II. INTRADISTRICT ASSIGNMENT

3. At all times relevant to this Complaint, Plaintiff was an employee of Progressive Insurance Company and worked out of their Walnut Creek, California office in Contra Costa County. Plaintiff received the medical treatment described below in Contra Costa County.

4. At all times relevant, Defendant AETNA HEALTH AND LIFE INSURANCE COMPANY (hereafter "Aetna") was a corporation organized under the statutes of the State of Connecticut and actually doing business in the State of California within the County of San Francisco.

5. At all times relevant, Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereafter "Hartford") was a corporation organized under statutes of the State of Connecticut and actually doing business in the State of California within the County of San Francisco.

6. Therefore, venue is proper within the Northern District of California under 28 U.S.C. §1132(e)(2). Plaintiff's Complaint may be assigned to San Francisco Division pursuant to Local Rule 3-2.

## III. PARITES

7. At all times relevant, Plaintiff was a participant in the PROGRESSIVE CASUALTY INSURANCE COMPANY BENFIT PLAN (hereafter referred to as "the Plan"), which provides disability benefits to its participants (Group Policy No. GP-4685594).

8. At all times relevant to Plaintiff's initial application for disability benefits and denial of disability benefits under the Plan, the Plan and its benefits were insured and administered by Aetna. During the pendency of Plaintiff's administrative appeals and exhaustion of administrative remedies,

the Plan was acquired and reinsured by Hartford. At present, the Plan is owned, insured, and administered by Hartford.

9. At all times relevant, the Plan was a welfare benefit plan within the meaning of ERISA and was purchased by Progressive Casualty Insurance Company (hereinafter "Progressive") to offer, *inter alia*, disability benefits to its employees, including Plaintiff.

10. The true names and capacities of Defendants sued herein as Does 1 through 10, and each of them, are unknown and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is responsible in some manner for the occurrences alleged in this Complaint and that Plaintiff's injuries and damages were legally caused by Defendants', and each of their, conduct or omissions.

11. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants was the agent, employee, and/or successor in interest to each of the remaining Defendants, that each of the Defendants was acting within the course and scope of this agency, employment, and/or succession of interest, and each of the other remaining Defendants has ratified and approved the acts of the former.

## IV.  GENERAL ALLEGATIONS

12.  Plaintiff's medical conditions and the many symptoms she must endure create numerous restrictions and limitations that render her totally disabled under the terms and conditions of the Plan. Plaintiff's symptoms and total disability have persisted to this present day. Plaintiff was in the past and is currently under the regular care and treatment of doctors who have determined Plaintiff is disabled and unable to work.

13. Plaintiff made proper and timely claims for the benefits due her under the Plan. Despite Plaintiff meeting the definition of disability under the Plan's policies at all times relevant herein, Aetna denied Plaintiff's entitlement to disability benefits.

14. Plaintiff has complied with all of the conditions precedent to receive the benefits under the terms and conditions of the Plan, yet Defendants, and each of them, have failed to pay Plaintiff the benefits she is due.

## CLAIM FOR RELIEF
### FIRST CAUSE OF ACTION: BREACH OF INSURANCE CONTRACT

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14 above as if set forth in full herein.

16. ERISA Section 502(a)(1)(B), 29 U.S.C.A. §1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due a participant under the terms of a plan, and/or to clarify a participant's right to future benefits.

17. Progressive hired Plaintiff on or around October 15, 1987, for a position in the casualty insurance division. Plaintiff continued to work in this capacity, obtaining the position of supervisor, until her last active day of work, on or around May 22, 2017, with an official date of disability as June 5, 2017, when she became too disabled to work because of medical conditions. The conditions included, *inter alia*, multiple sclerosis with myelitis, sensory disturbance and cognitive blunting, fatigue, memory deficits, and other deficits in communication.

18. On January 1, 2017, Plaintiff received treatment for a flareup of her multiple sclerosis (MS) at The Kaiser Permanente Medical Group in Walnut Creek, CA. Dr. Lauren Oommen treated her, who specializes in Adult Neurology. Dr. Oommen notes she reviewed Plaintiff's 2016 MRI, which indicated "notable inflammatory progression with at least two new hyperintensities in the L frontal/periventricular region…including one which is of significant size." Dr. Oommen notes

Plaintiff's past MS and that she has poor prognostic signs in her cord lesions. The records describe Plaintiff's cognitive changes, which included decreased ability to multitask, deficits in processing speed, and problems with short term memory. It also mentions weakness, sensory disturbance, and gait dysfunction. Likewise, she had trouble speaking on at least two occasions, incidents which lasted upwards of an hour.

19. Plaintiff continued to receive medical treatment from Dr. Oommen as they tried to determine which medication regimen would blunt her symptoms sufficient to allow her to work. Unfortunately, on or around May 22, 2017, Plaintiff stopped working because she could no longer perform the duties of her job mentally, was frequently physically exhausted, and at times was found sleeping at her desk due to exhaustion.

20. The Plan defines disability as "You cannot perform the material duties of your own occupation illness, injury, or disabling-pregnancy related condition." Plaintiff timely filed for Long Term Disability (LTD), and despite meeting this definition of disability, was denied benefits by Aetna on September 18, 2017. Aetna reasoned that Plaintiff did not show sufficient proof of MS, which was in direct conflict with Dr. Oommen's August 30, 2017, statement that Plaintiff "has uncontrolled MS symptoms at present, including significant sensory disturbance and cognitive blunting, which I feel will interfere with her performing her job, as described, at the present time." Dr. Ooommen, also stated that "[Plaintiff] is in the middle of disease modifying therapy transition and will need additional time to adjust to her new therapy."

21. Plaintiff appealed the denial, which Aetna again denied November 6, 2017. Plaintiff timely appealed the second denial. On December 12, 2017, Aetna's own doctor, Dr. Leonid Topper, concludes "claimant does have medically necessary restrictions and limitations due to her progressive MS multiple sclerosis from 6/5/2017 forward." Dr. Topper then states Plaintiff has

"abnormal neurological examination with overt sensory signs and somewhat prominent balanced related signs as well as MRI evidence of high disease activity. In other words, the claimant's multiple sclerosis is not in remission and, therefore, weakness and fatigue as well as balance problems and sensory problems are believable." Defendant's doctor admits Plaintiff has MS and that her symptoms diminish her ability to work, which is consistent with Dr. Oommen, who found Plaintiff could not work due to her uncontrolled MS symptoms, symptoms which are still not controlled to this day. Despite these findings, Aetna again and finally denied Plaintiff's claim for benefits under the Plan on December 29, 2017. Since the final denial and up to the present, Plaintiff has met the definition of disability under the Plan, in addition to any and all other requirements of the Plan, and is totally incapable of any employment due to her MS condition.

22. Plaintiff, through counsel, requested a complete copy of her claim from Aetna on or around December 3, 2020. Having received no response, Plaintiff, through counsel, again requested a complete copy of her claim file from Hartford on or around January 29, 2021. On or around March 2, 2021, Hartford sent to Plaintiff's counsel a complete copy of her claim file.

23. At all times herein mentioned, Plaintiff was a beneficiary under the Plan and Plaintiff has been totally disabled under the terms and conditions of said Plan.

24. Defendants, and each of them, agreed to pay benefits to Plaintiff in accordance with the provisions of the policies governing the Plan. Defendants, and each of them, have violated and continue to violate the terms of the Plan and Plaintiff's rights thereunder by denying Plaintiff's claim for disability benefits under the Plan.

25. Furthermore, Defendants, and each of them, by denying Plaintiff's entitlement to benefits under the Plan, has caused Plaintiff to lose her eligibility and entitlement to other benefits, such as, *inter alia*, survivor benefits, life insurance benefits, and health care benefits.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants, and each of them, as follows:

A. Order Defendants, and each of them, to pay benefits due Plaintiff under the Plan from the beginning of her disability through the date judgment is entered;

B. Order Defendant, and each of them, to pay future benefits due Plaintiff under the Plan until such time as Plaintiff is no longer disabled within the meaning of the Plan;

C. Order Defendants, and each of them, to pay all interest as allowed by law;

D. Order Defendants, and each of them, to pay statutory penalties available under 29 U.S.C. §1132(c)(1);

E. Award Plaintiff reasonable attorney's fees and costs in an amount to be shown according to proof; and

F. Provide any and all other relief the Court deems just and proper.

Date: May 27, 2021

Respectfully submitted,

UNRUH LAW, P.C.

/s/ John Robert Unruh
John Robert Unruh
Attorney for Plaintiff